# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANE A. KITTERMAN )
# B80577, )
  )
               **Plaintiff,** )
  )
vs. )           **Case No. 18-cv-113-SMY**
  )
JEFF DENNISON, )
  )
              **Defendant.** )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In *Kitterman v. Global Tel-Link Corp., et al.*, Case No. 17-cv-290-SMY-RJD (S.D. Ill. Jan. 19, 2018), Plaintiff Shane Kitterman, an inmate at Shawnee Correctional Center, brought suit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), one claim against Defendant Jeff Dennison was severed from the initial original case to form the basis for this action.

This case is now before the Court for a preliminary review of that claim pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that this action will proceed past threshold.

### The Complaint

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: Upon Plaintiff's arrival at Shawnee Correctional Center ("Shawnee"), Warden Dennison was "verbally alerted" by "defendants (sic) agents" that Plaintiff was a "grievance writer." (Doc. 2, p. 17). In response, Dennison instructed an officer to strip search Plaintiff. *Id.* During the search, the officer used his security wand to hit Plaintiff in his stomach. *Id.* When Plaintiff screamed out in pain, Dennison warned him that he would "be sorry" if he "continue[d] to write grievances." *Id.* Plaintiff became "overwhelmed by mental anguish and sick with depression." *Id.* He sought mental health treatment in the prison's mental health unit. *Id.*

### Discussion

In its Severance Order (Doc. 1), the Court designated the following Count to be severed into this *pro se* action. The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 7 –**     First Amendment claim against Warden Dennison for retaliating against Plaintiff for filing grievances by ordering an unknown officer at Shawnee to conduct a strip search of Plaintiff that resulted in his assault in the stomach with a wand and by threatening Plaintiff with future harm for filing additional grievances.

## Count 7

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state a claim of retaliation "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Under this standard, Plaintiff has stated a claim upon which relief may be granted against Dennison with respect to Count 7. Count 7 will therefore proceed.

## Pending Motions

Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 4) is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision on Plaintiff's request for preliminary injunctive relief. The Court notes that Plaintiff's request for a temporary restraining order in this same motion has already been denied. *See Kitterman v. Global Tel-Link Corp., et al.*, Case No. 17-cv-290-SMY-RJD (S.D. Ill. Jan. 19, 2018) (Doc. 21).

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 7** shall **PROCEED** against **DENNISON**.

**IT IS FURTHER ORDERED** that as to **COUNT 7**, the Clerk of Court shall prepare for **DENNISON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms,

a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: January 31, 2018**

**s/ STACI M. YANDLE**
**U.S. District Judge**
